UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROCHESTER LABORERS' WELFARE-S.U.B. FUND,
et al.,

                        Plaintiffs,

                                                    Case # 15-CV-6757-FPG

v.
                                                    DECISION AND ORDER

AKWESASNE CONSTRUCTION, INC., et al.,

                        Defendants.

In September 2019, the Court granted in part and denied in part Plaintiffs' motion for summary judgment. ECF No. 63. As is relevant here, the Court ordered Defendants to produce their records so that Plaintiffs could conduct a payroll audit for the period between July 2016 to date. *Id.* at 10. Since then, the parties have been litigating the issue of Defendants' compliance with that order. After several hearings, the Court issued an order in which it gave Defendants a final opportunity to submit any allegedly outstanding documents before deciding whether to hold them in contempt. ECF No. 85. That deadline having passed, the Court turns to the issue of contempt. For the reasons that follow, the Court declines to hold Defendants in contempt.

"A party may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004). In this case, the Court cannot conclude that the third element is satisfied—*i.e.*, that Defendants have not "diligently attempted to comply in a reasonable manner." *Id.*

In reaching this conclusion, the Court is sensitive to the surrounding circumstances that made compliance more challenging.  *See, e.g.*, *Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 293 (2d Cir. 2008) (evaluating diligence in light of the complexities the defendant faced).   Mr. Cardinell's original attorney passed away while summary-judgment briefing was ongoing, ECF No. 53, and his subsequent counsel attempted to withdraw.  *See* ECF Nos. 70, 72, 73.  Although the Court denied new counsel's motion to withdraw, ECF No. 76, the attorney-client relationship seems to have all but broken down, as Mr. Cardinell has largely been acting on his own behalf in responding to document requests and litigating his position.  Three of Mr. Cardinell's computers, which contained some payroll records, were stolen.  *See* ECF No. 70 at 3-6.  Finally, in the midst of this payroll-audit dispute, the COVID-19 Pandemic erupted across the world.

Through all of this, Mr. Cardinell attended scheduled status conferences, reached out to third parties to obtain responsive documentation, sent Plaintiffs and the Court stacks of payroll documents, and agreed to participate in an informal document-review conference.[1]   To be sure, Mr. Cardinell has not always been punctual, leading to these protracted proceedings, and he has been unable to produce every document that Plaintiffs have requested.  But, examined as a whole, Mr. Cardinell's actions are evidence of his "diligent and energetics efforts to comply" with the Court's orders.  *Chao*, 514 F.3d at 293.  Accordingly, the Court declines to find Defendants in contempt, and Plaintiffs' sanction requests are denied.  *See* ECF No. 87 at 5.

It is also evident that the value of this audit process has been exhausted, and further proceedings on the production of records would serve no useful purpose.  Accordingly, the Court will not order Defendants to produce any additional records.  *Cf. Defenders of Wildlife v. Norton*,

---

[1] This conference was cancelled due to the COVID-19 Pandemic.  ECF No. 85.

No. 00-CV-2996, 2004 WL 6243361, at *6 (D.D.C. Jan. 15, 2004) ("There is no reason to maintain an injunction which is no longer serving its intended purpose.").

It is now time to turn to the remaining outstanding matter—Plaintiffs' claims for damages and fees. The Court previously declined to address this issue until the audit had been conducted. ECF No. 63 at 10. The Court will give Plaintiffs until September 14, 2020 to file a properly supported motion for summary judgment on the issue of damages and fees. The Court will issue a scheduling order once the motion is filed.

There is one final matter the Court would like to address. As noted above, Mr. Cardinell has largely been acting on his own over the last several months, despite being represented by counsel. Recognizing that the attorney-client relationship had apparently broken down and that Mr. Cardinell was in a better position to respond to Plaintiffs' production requests, the Court has given some leeway to this state of affairs. But, in general, "a party may not proceed in federal courts represented by counsel and simultaneously appear *pro se*." *Rivette v. Smith*, No. 06-CV-1039, 2008 WL 5000059, at *1 n.1 (N.D.N.Y. Nov. 20, 2008). Moving forward, the Court expects that *all* submissions by Defendants will be made through counsel, and the Court cautions that it intends to strike *any* submission that Mr. Cardinell files *pro se*. *See Mitchell v. Senkowski*, 489 F. Supp. 2d 147, 149 (N.D.N.Y. 2006) (collecting cases for proposition that a court may refuse "to accept *pro se* submissions once an attorney has been retained or assigned").

Nevertheless, in recognition of the breakdown of the attorney-client relationship, the Court will also entertain a renewed motion to withdraw should defense counsel and Mr. Cardinell still prefer that route. Any such motion must be in accordance with the Local Rules. The Court wishes to emphasize to Mr. Cardinell, however, that he cannot represent Akwesasne Construction Inc. himself. *See Donoghue v. Think P'ship Inc.*, No. 07-CV-4240, 2008 WL 11449242, at *2

(E.D.N.Y. Sept. 29, 2008) ("[I]t is well established in the Second Circuit that corporate entities cannot appear *pro se*.").  Consequently, if defense counsel withdraws, the corporation *must* retain new counsel in a timely manner.  The failure to do so may result in a default judgment against the corporation.  *See Reagan v. Jennifer Matthew Nursing & Rehab. Ctr.*, No. 07-CV-6150, 2010 WL 2869551, at *1 (W.D.N.Y. July 20, 2010) (collecting cases).

In sum, the Court (1) declines to hold Defendants in contempt, (2) denies Plaintiffs' sanction requests, (3) gives Plaintiffs until September 14, 2020 to file a properly supported motion for summary judgment on the issue of damages and fees, and (4) orders Defendants to file any submissions to the Court through counsel, but permits Defendants to renew the motion to withdraw.

IT IS SO ORDERED.

Dated: August 20, 2020
         Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court