UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROCHESTER LABORERS' WELFARE-S.U.B. FUND,
et al.,

                              Plaintiffs,

                                                            Case # 15-CV-6757-FPG

v.

                                                            DECISION AND ORDER

AKWESASNE CONSTRUCTION, INC., et al.,

                              Defendants.

In December 2015, Plaintiffs brought this action against Defendant Akwesasne Construction Inc. ("Akwesasne"), seeking to recover allegedly unpaid contributions due under various collective bargaining agreements.  ECF No. 1.  In November 2016, Plaintiffs filed an amended complaint adding Defendant Francis F. Cardinell, Jr. to the action.  ECF No. 21.  In September 2019, the Court granted in part Plaintiffs' motion for summary judgment.  ECF No. 63. The Court concluded that Plaintiffs established Defendants' liability as a matter of law, but denied without prejudice Plaintiffs' motion insofar as it concerned damages.  The Court instead granted Plaintiffs' request to conduct a payroll audit, and it ordered Defendants to produce all their records for the period between July 24, 2016 to date.  *Id.* at 10.

When Defendants did not comply with that order, the Court issued an Order to Show Cause. ECF No. 66.  Thereafter, the parties litigated the issue of "Defendants' compliance with [the payroll audit] order."  ECF No. 91 at 1.  After a number of hearings and conferences, the Court declined to find Defendants in contempt—it stated that although Cardinell had "been unable to produce every document that Plaintiffs [] requested," he had made diligent efforts to do so, and had in fact produced "stacks of payroll documents."  *Id.* at 2.  The Court therefore ordered Plaintiffs

to file a supplemental motion for summary judgment on the issue of damages.  *Id.* at 3.  The Court cautioned Defendants and their counsel that it expected "*all* submissions by Defendants [to] be made through counsel."  *Id.*

On September 14, 2020, Plaintiffs filed their supplemental motion for summary judgment. ECF No. 92.  Defendants did not file any opposition through defense counsel.  Instead, Cardinell, acting *pro se*, submitted a one-page letter contesting Plaintiffs' motion.  ECF No. 94.  Plaintiffs responded by filing a motion to strike Cardinell's *pro se* letter, on the ground that it violated the Court's previous order.  ECF No. 96.

The Court first addresses the motion to strike.  The Court previously warned Defendants that "a party may not proceed in federal courts represented by counsel and simultaneously appear *pro se*." ECF No. 91 at 3.  During the contempt proceedings, the Court had given some leeway to Defendants and their counsel because "Cardinell was in a better position to respond to Plaintiffs' production requests," but the August 20, 2020 Order made clear that it would not do so moving forward.  The Court explicitly warned Defendants and their counsel that it intended "strike any submission that Mr. Cardinell files *pro se*."  *Id.*  Nevertheless, Cardinell proceeded to file a *pro se* letter on behalf of himself and—though he cannot do so—Akwesasne.  *See Donoghue v. Think P'ship Inc.*, No. 07-CV-4240, 2008 WL 11449242, at *2 (E.D.N.Y. Sept. 29, 2008) ("[I]t is well established in the Second Circuit that corporate entities cannot appear *pro se*.").  Given the Court's prior, explicit warning, the Court strikes the letter and will not consider it.[1]

---

[1] Regardless, Cardinell's arguments are not persuasive.  First, he argues that Plaintiffs' claim that he owes "over $400,000" is inconsistent with their settlement offer of $80,000.  ECF No. 94 at 1.  However, a settlement offer is not admissible evidence of the "validity or amount of a disputed claim."  Fed. R. Ev. 408(a); *Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*, 865 F.2d 506, 510 (2d Cir. 1989).  Second,  he contends that he paid some employees directly for unpaid contributions, pursuant to a New York Department of Labor settlement.  *See* ECF No. 94 at 1; ECF No. 59-1.  But where, as here, the CBAs require that employee benefits be paid to the funds, "[p]aying benefits to employees is not a substitute for this obligation."  *Nesse v. Green Nature-Cycle, LLC*, No. 18-CV-636, 2020 WL 733103, at *5 (D. Minn. Feb. 13, 2020); *see also* ECF No. 48-3 at 50, 102-04, 155-57.

The Court recognizes that this may appear to be a harsh result in light of the apparent breakdown of the attorney-client relationship, which the Court previously highlighted.  *See* ECF No. 91 at 3.  But it is worth emphasizing that the Court gave Defendants and their counsel a full opportunity for counsel to withdraw, so long as the motion conformed with the Local Rules.  *See id.*  They did not file anything in response, let alone a conforming motion.  In short, it is well-settled that a court may refuse "to accept *pro se* submissions once an attorney has been retained," *Mitchell v. Senkowski*, 489 F. Supp. 2d 147, 149 (N.D.N.Y. 2006), and because Underberg & Kessler LLP remains listed as counsel for Defendants, the Court declines to consider Cardinell's *pro se* letter.

The Court turns to the summary judgment motion.  Because Defendants failed to file a proper opposition to Plaintiffs' motion, the Court treats Plaintiffs' proffered facts as "undisputed for purposes of the motion."  Fed. R. Civ. P. 56(e)(2); *Jackson v. Fed. Express*, 766 F.3d 189, 194 (2d Cir. 2014); *see also FirstStorm Partners 2, LLC v. Vassel*, No. 10-CV-2356, 2013 WL 654396, at *15 (E.D.N.Y. Feb. 21, 2013) (noting that defense counsel's actions, like a failure to abide by rules and deadlines, "is imputed to his client").  "However, [e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law."  *Charter Oak Fire Ins. Co. v. Fleet Bldg. Maintenance, Inc.*, 707 F. Supp. 2d 329, 333 (E.D.N.Y. 2009) (internal quotation marks omitted).  Since Defendants' liability has already been established, ECF No. 63 at 10, the Court need only determine whether Plaintiffs have presented sufficient record evidence to demonstrate the extent of their damages.

The Court begins by addressing the damages pertaining to Akwesasne.  Plaintiffs' claims against Akwesasne arise under the Employee Retirement Income Security Act of 1974 ("ERISA"),

29 U.S.C. §§1001, *et seq.*, and the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185(a).  *See* ECF No. 21 at 1-2.  Under ERISA, employers obligated to "make [benefit] contributions within the meaning of the statute must do so in accordance with the relevant multiemployer plan or CBA," *Arch Ins. Co. v. DCM Grp. LLC*, No. 11-CV-930, 2012 WL 3887098, at *3 (E.D.N.Y. Aug. 2, 2012), and, if left unpaid, they may be held liable for unpaid contributions, interest on those contributions, liquidated damages, and attorney's fees and costs. *Trs. of the Pavers & Road Builders Dist. Council Welfare v. Arbor Concrete Corp.*, No. 15-CV-2481, 2015 WL 9598872, at *2 (E.D.N.Y. Dec. 15, 2015).  Under the LMRA, a union may bring suit against an employer for violation of a collective bargaining agreement.  *See Arch Ins. Co.*, 2012 WL 3887098, at *3.  Like ERISA, the CBAs in this case provide for awards of interest, liquidated damages, and attorney's fees and costs where an employer fails to make the required contributions.  *See, e.g.*, ECF No. 48-3 at 302, 471, 484.

Consistent with ERISA and the CBAs, Plaintiffs request damages in the amount of (1) the unpaid contributions, deductions, and dues; (2) interest on those delinquencies; and (3) liquidated damages.  The Court has reviewed the materials that Plaintiffs submitted with their present and previous motions for summary judgment.  ECF Nos. 48, 92.

First, Plaintiffs claim that unpaid contributions and dues amount to $119,919.56.  *See* ECF No. 48-3 at 15-19; ECF No. 92-1 at 4.  In light of the evidence presented and Defendants' non-opposition, the Court accepts Plaintiffs' proffered damages, and, under ERISA and the CBAs, they are entitled to unpaid contributions in that amount.  *See Arbor Concrete Corp.*, 2015 WL 9598872, at *2.

Second, Plaintiffs calculate interest in the amount of $114,451.39, which is based on the collective bargaining agreements' rate of 1.5% per month for certain unpaid ERISA contributions

and 9% per year for other unpaid deductions.[2]  *See* ECF No. 48-3 at 10-11, 15-19; ECF No. 92-2 at 2.  The Court finds such interest appropriate under ERISA and the CBAs.  *See Arbor Concrete Corp.*, 2015 WL 9598872, at *2; ECF No. 48-3 at 10-11 (citing relevant language in the CBAs).

Third, Plaintiffs seek liquidated damages in the amount of $114,715.84.  *See* ECF No. 48-3 at 15-19; ECF No. 92-1 at 4; ECF No. 92-2 at 2.  ERISA and the CBAs both permit such relief. *See Arbor Concrete Corp.*, 2015 WL 9598872, at *4 (under ERISA, laborer funds entitled to liquidated damages equal to "the greater of twenty percent (20%) of the total amount of contributions or the interest due on unpaid contributions"); ECF No. 48-3 at 10-11 (citing relevant contractual provisions).  Plaintiffs are entitled to liquidated damages in that amount.

Thus, in total, Plaintiffs are entitled to $349,086.79 against Akwesasne in unpaid contributions, interest, and liquidated damages.

Concerning Cardinell individually, Plaintiffs seek to hold him liable on the theory that he was a fiduciary who "breached his fiduciary duties" by failing to "pay the contributions to Plaintiffs." ECF No. 48-6 at 25.  They request $69,893.34 in unpaid contributions and $19,329.83 in interest, which covers the income Plaintiffs would have generated had the contributions been timely paid.  *See* ECF No. 48-3 at 20-21; ECF No. 92-1 at 4-6; ECF No. 92-3 at 6.

The Court previously granted summary judgment against Cardinell on this theory of liability.  *See* ECF No. 48-6 at 23-26; ECF No. 63 at 1, 10.  Cardinell is thus liable for the unpaid contributions.  *See Engineers Joint Welfare Fund v. C. Destro Dev. Co., Inc.*, 178 F. Supp. 3d 27, 38 (N.D.N.Y. 2016).  As to interest, the Court has reviewed the materials pertaining to Plaintiffs'

---

[2] The collective bargaining agreements do not specify the interest rate for delinquent "dues deductions, PAC monies and ASP monies."  ECF No. 48-3 at 11.  Plaintiffs calculate interest on those delinquencies at the New York statutory rate, *id.*, which the Court finds appropriate.  *See, e.g.*, *Trs. of Local 7 Tile Indus. Welfare Fund v. Caesar Max Constr. Inc.*, No. 18-CV-1339, 2019 WL 1130727, at *10 (E.D.N.Y. Feb. 11, 2019) ("[W]here a collective bargaining agreement does not identify an interest rate for unpaid dues, courts award interest at the New York statutory rate of 9% per annum."); *id.* (noting that, for delinquencies not covered by ERISA, an award of prejudgment interest is "within the Court's discretion").

rate of return, ECF No. 48-3 at 20; ECF No. 92-1 at 5, and finds that Plaintiffs' interest calculations are reasonable and adequately serve to place Plaintiffs "in the position [they] would have occupied but for the breach." *Destro Dev. Co.*, 178 F. Supp. 3d at 38.

Accordingly, Plaintiffs are entitled to $89,223.17 against Cardinell in unpaid contributions and interest.

Next, Plaintiffs request audit fees, attorney's fees, and costs against both Defendants. *See* ECF No. 92-4 at 7. The Court declines to address these items at this time. Plaintiffs indicate that they intend to file another request for attorney's fees and costs "incurred by Plaintiffs subsequent to August 24, 2020." ECF No. 92-5 at 4. The Court concludes that these items are better addressed together in one motion rather than piecemeal. Furthermore, because the Court is deferring judgment on audit fees, attorney's fees, and costs, Plaintiffs will have an opportunity to address two issues:

(1) It is unclear what theory Plaintiffs are relying on to hold Cardinell individually liable for audit fees. Some filings suggest that Cardinell is contractually liable for audit fees, *see* ECF No. 48-3 at 22, while others seem to premise such relief on provisions of ERISA, though the sections in question do not explicitly address audit fees. *See* ECF No. 92-5 at 4 (citing 29 U.S.C. §§ 1106, 1109, 1132(g)(1)); *see also* ECF No. 48-6 at 26-29. Plaintiffs should clarify and provide legal support for their position.

(2) Plaintiffs indicate that they do not intend to "recover from Defendant Cardinell any debt arising before his March 9, 2015 bankruptcy filing." ECF No. 48-6 at 9 n.1. However, their present request for audit and attorney's fees appears to include services that pre-dated Cardinell's bankruptcy petition. *Compare* ECF No. 48-6 at 28 (indicating that Cardinell would only be liable for $9,893.55 in audit fees and $45,512.62 in attorney's fees and costs for the period before June 2018), *with* ECF No. 92-4 at 2, 5-7 (suggesting that Cardinell would be liable for $14,298.23 in audit fees and $46,491.95 in attorney's fees and costs for the period before June 2018). Plaintiffs should re-examine their calculations and clarify their position.

Plaintiffs shall file their renewed motion for attorney's fees, audit fees, and costs, by December 14, 2020. The Court will issue a scheduling order thereafter.

**CONCLUSION**

Because neither Defendants nor their attorneys—Underberg & Kessler LLP, Jennifer A. Shoemaker, and/or Aaron Griffin—filed a proper motion to withdraw, Defendants remain represented by counsel, and the Court declines to consider Cardinell's *pro se* letter.  Therefore, Plaintiffs' motion to strike is GRANTED.

Plaintiffs' supplemental motion for summary judgment is GRANTED IN PART and DENIED IN PART without prejudice.  Plaintiffs are entitled to $349,086.79 against Akwesasne in unpaid contributions, interest, and liquidated damages, and Cardinell is jointly and severally liable for a portion of those damages—namely, $89,223.17 in unpaid contributions and interest. *See Bricklayers Ins. & Welfare Fund v. McGovern & Co., LLC*, No. 17-CV-6067, 2019 WL 2271942, at *8 (E.D.N.Y. Mar. 6, 2019).  The Court will assess Plaintiffs' requests for audit fees, attorney's fees, and costs when they file their renewed motion, which is due by December 14, 2020.

Insofar as Defendants remain represented, the Court presumes that defense counsel will communicate this order, and any future orders, to Defendants.

IT IS SO ORDERED.

Dated: November 13, 2020
         Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court